1

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3  MEREGILDA MATEO, ET AL.,

4        Plaintiffs,

              v.

5  EMPIRE GAS COMPANY, INC., ET AL.,

6        Defendants.

**Civil No. 11-1285 (SEC)**

7

8                        **OPINION AND ORDER**

9        Before the Court are the plaintiffs' motion for voluntary dismissal without prejudice

10  (Docket # 131), the defendants' opposition thereto (Docket # 134), and the parties' respective

11  replies (Dockets # 143 & 147). After reviewing the filings and the applicable law, the plaintiff's

12  motion is **GRANTED in part and DENIED in part**.

13        **Factual and Procedural Background**

14        The plaintiffs, three minors boys and two adults, filed this diversity-tort suit on March

15  23, 2011, seeking damages for the injuries, suffering and death of Jorge Adino and Rafaela

16  Mateo, and for the loss of both their parents by three minors  from an explosion and fire, caused

17  by a leak of propane gas that had collected all night in the family's home. As relevant here, this

18  suit was originally brought against co-defendants Empire Gas Company, Inc. and City Gas

19  (collectively, "Empire Gas"), who, according to the complaint, installed, sold, or serviced the

20  gas tank servicing the home where the explosion and ensuing fire occurred.

21        After several procedural nuances, the Court entered a case management order, see Fed.

22  R. Civ. P. 16(b)(1), setting December 20, 2011 as the discovery cut-off date. Docket # 40. On

23  July 29, 2011, the plaintiffs filed a motion informing this court that they had propounded

24  interrogatories on all the defendants. Docket # 46. Similarly, on August 24, 2011, the plaintiffs

25  moved to modify the case management order, explaining in pertinent part that this was a fact-

26

**CIVIL NO. 11-1285 (SEC)** **Page 2**

intensive, complicated case that required additional time to conduct discovery. Docket # 54. The

Court granted such a request, extending the discovery deadline until March 20, 2012. Docket

# 55.

Then, on October 21, 2011, the plaintiffs moved to file an amended complaint to include

the heretofore unknown supplier that allegedly had installed the propane gas system. They

explained:

> When Plaintiffs initially filed their Complaint in this case on March 23, 2011,
> they had not been able to identify the name of the company that installed the
> propane gas system in the Mateo/Adino home. Since the house was destroyed,
> and since the two (2) adults in the house responsible who contracted with the
> subject company perished as a result of the explosion and fire, Plaintiffs had not
> been able to obtain complete and accurate information concerning the local
> supplier which installed the propane gas system in the house. Docket # 76, p. 1.

The supplier, the plaintiffs alleged, had been identified as Santurce Gas Co., Inc ("Santurce

Gas") Id.  After the Court granted leave, the plaintiffs filed an amended complaint to include

Santurce Gas, who answered the amended complaint on January 11, 2012.

 Six days later, the plaintiffs informed the Court that they had served a first set of

Interrogatories and first requests for production of documents on Santurce Gas (Docket # 109).

On February 1, 2012, meanwhile, the plaintiffs filed a motion requesting an order to compel

production of evidence by the Puerto Rico Police Department. The Court granted their request.

As the case proceeded, the Case Management and Settlement Conference was held on

April 17, 2012. Docket # 130. There, the parties requested to extend the remaining case

management order deadlines. Granting their request, the Court extended the discovery cut-off

date until November 5, 2012; the filing of motions for summary judgment was set for November

30, 2012; and the Joint Proposed Pretrial Order was extended until December 28, 2012. Id. At

the conference, the Court said:

> Santurce Gas contended that plaintiffs have produced no evidence pointing to its
> involvement. It alleged, moreover, that it neither serviced/sold nor installed the
> gas tank in question. Because of plaintiffs seeming inability to rebut these

**CIVIL NO. 11-1285 (SEC)**                                                           **Page 3**

contentions, this court ordered plaintiffs to carefully revise the documents produced by this co-defendant to ascertain whether they have a case against it. <u>Accordingly, it gave plaintiffs thirty days to dismiss their claims without prejudice against Santurce Gas, if appropriate.</u> Empire/City Gas, meanwhile, tracked Santurce Gas' defenses, but also argued that the decedents were the ones who actually serviced and installed the gas tank. <u>Id.</u>, p. 1 (emphasis added).

Finally, on May 17, 2012, the plaintiffs filed the instant motion under Fed. R. Civ. P. 41(a)(2) (voluntary dismissal), seeking to dismiss without prejudice their claims against Santurce Gas and Empire Gas. Docket # 131. In support of their request, the plaintiffs argue that the deaths of Adino and Mateo, the parents of the minor plaintiffs, have made it difficult to determine some of the liability facts in this case. For example, if Mateo and Adino were alive, they contend, they could shed light on the name of the "gasero" or the supplier who installed and serviced their propane system, among other important facts. Docket # 131, p. 2. They also allege that "most of the business papers of the family were apparently destroyed in the explosion and fire." <u>Id.</u> Additional investigation, the plaintiffs further assert, is needed and cannot be concluded by the deadlines set forth by this court. <u>Id.</u>

The defendants timely opposed. Docket # 134. They essentially maintain that they will suffer legal prejudice from a dismissal without prejudice. In what resembles a motion for judgment on the pleadings, the defendants also mount a legal challenge to the plaintiff's "inherited cause of action under Puerto Rico law." <u>Id.</u>, p. 2. The Court, however, refuses to entertain the defendants' facial attack, as their opposition to the plaintiff's motion for voluntary dismissal is not the appropriate vessel to bring this issue before the Court. The defendants have come forward with no case law supporting their proposition that, as part of a Rule 41(a)(2) opposition, a defendant may launch a collateral attack on the pleadings. The defendants have had ample opportunity to either file a motion for judgment on the pleadings or a motion for summary judgment. But they filed neither one. Because they cannot now use their opposition

to the plaintiffs' Rule 41(a)(2) motion to bring such unrelated contentions for the first time, the Court refuses to entertain them.

**Standard of Review**

When a defendant has answered the complaint or moved for summary judgment, a plaintiff cannot unilaterally dismiss an action without court approval "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). By requiring such approval, the First Circuit has explained, courts ensure that "'no other party will be prejudiced.'" Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir.1981)). Thus, in deciding whether to grant a motion for voluntary dismissal, "the district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur." JRA Architects & Project Managers, P.S.C. v. First Financial Group, Inc., No. 09-2443, 375 Fed.Appx. 42, 43 (1st Cir. May, 21, 2010) (unpublished) (per curiam) (citation and internal quotation marks omitted; alterations in original).

The First Circuit has endorsed the so-called Pace factors when determining whether to grant a Rule 41(a)(2) motion. See Doe, 216 F.3d at 160 (citing Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). These factors are the following: (1) the defendant's effort and expense in preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. Id. But, the First Circuit has clarified, "courts need not analyze each factor or limit their consideration to these factors." Id. ("The enumeration of the factors to be considered in Pace is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980))). A district court abuses its discretion in granting a Rule 41(a)(2) motion only where the

1

**CIVIL NO. 11-1285 (SEC)**                                                                         **Page 5**

2

defendant would suffer "'[p]lain legal prejudice'" as a result of a dismissal without prejudice,

3

as opposed to facing the mere prospect of a second lawsuit." Grover v. Eli Lilly & Co., 33 F.3d

4

716, 718 (6th Cir. 1994) (quoting Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 217

5

(1947)).

6

### Applicable Law and Analysis[1]

7

*Dismissal as to Santurce Gas*

8

The Court dispatches this matter quickly; the plaintiffs concede that, "[b]ased on recent

9

representations made by Defendant Santurce Gas, it is not the correct "gasero." Docket # 143,

10

p. 7 (emphasis added).  Because such an admission is clear and relates to a statement of fact,

11

it falls squarely under the purview of the judicial admission doctrine, and, as such, is binding

12

and conclusive. See, e.g., Harrington v. City of Nashua, 610 F.3d 24, 31 (1st Cir. 2010);

13

Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders in Het Kapitaal Van

14

Saybolt Int'l B.V. v. Schreiber, 407 F.3d 34, 45 (2d Cir. 2005) (Calabresi, J.). Given plaintiffs'

15

acknowledgment regarding Santurce Gas' lack of involvement in this case, dismissal against

16

this co-defendant should be with prejudice. See Burnette v. Godshall, 828 F. Supp. 1439, 1443

17

(N.D. Cal. 1993) (dismissing RICO claim with prejudice when plaintiff's attorney admitted that

18

it was added without diligent research, even though action was in early stage and defendant had

19

not incurred significant expense responding to claim), aff'd sub nom, Burnette v. Lockheed

20

Missiles & Space Co., 72 F.3d 766, 767 (9th Cir. 1995); see also Williams v. Young, 769 F.

21

Supp. 2d 594, 597 n. 1 (S.D.N.Y. 2011) (dismissal proper when discovery revealed that

22

defendants were not responsible for injuries alleged) (dicta). Under these circumstances, the

23

plaintiffs cannot proffer a logical explanation for the need to take a dismissal without prejudice

24

25

      [1] Because the parties have thoroughly briefed the issue, and because neither party has requested a hearing on the plaintiffs' Rule 41(a)(2) motion, a hearing is unnecessary to resolve the motion. See

26

P.R. Mar. Shipping Auth., 668 F.2d at 51-52.

**CIVIL NO. 11-1285 (SEC)**                                                    **Page 6**

against Santurce Gas. It thus follows that the prospect of subjecting Santurce Gas, an undisputed

innocent party, to the burden and expense of a subsequent litigation, in and of itself, suffices to

constitute plain legal prejudice. Accordingly, the claims against Santurce Gas should be

dismissed with prejudice.[2]

*Dismissal as to Empire Gas*

The analysis concerning Empire Gas is another story. Because the plaintiffs have not

made such a concession as to this co-defendant, the result is not as clear-cut. After carefully

analyzing the foregoing factors, however, the Court agrees with the plaintiffs that their claims

against Empire Gas should be dismissed without prejudice. The court addresses the Pace factors

in reverse order.

The last factor—whether a motion for summary judgment has been filed by the

defendant—clearly favors dismissal without prejudice, as the defendants have filed no

dispositive motions.

The third factor questions the plaintiffs' explanation for the need to take a dismissal. The

defendants posit that the plaintiffs' explanation—the need for additional time to conduct an

investigation regarding the identity of the gas supplier or "gasero"—"is a sham as they [the

plaintiffs] had the physical evidence regarding this matter, and it no longer exists." Docket #

134, p. 15. Specifically, the defendants appear to accuse the plaintiffs of spoliating the only

evidence (the cylinder's metal ring and tag)  that may identify the "gasero" that serviced the

---

[2] The plaintiffs have twenty days to withdraw their motion and proceed with this action. See
Michigan Surgery Investment, LLC v. Arman, 627 F.3d 572, 575 (6th Cir. 2010) (district court erred
because it did not give plaintiff notice of its intention to dismiss with prejudice and an opportunity to
withdraw the request for voluntary dismissal); accord De Fontanez v. Jefferson Pilot Life Ins. Co., No.
93-2268, 1994 WL 424096, at *1(1st Cir. Aug. 15, 1994) (per curiam) (unpublished) ("If a plaintiff's
motion to dismiss without prejudice is to be denied, the plaintiff ordinarily should be given the
opportunity to allow the case to proceed on the merits, rather than being subjected to a dismissal with
prejudice."). Failure to withdraw their motion within that time will result in an entry of judgment
dismissing with prejudice the claims against Santurce Gas.

Adino home. The plaintiffs retort, maintaining that "someone inadvertently removed the metal band . . . ." Docket # 143, p. 6 n. 4. And that their attempts thus far to locate the metal band "have been unsuccessful." Id. The plaintiffs also say that they have been diligently attempting to identify which "gasero" was responsible for delivering and installing the subject cylinder in question.

Although this is a close call, the plaintiffs' explanation for the need to take dismissal, while admittedly not the best, is nonetheless satisfactory. That is so, given the particular circumstances involved here, where the magnitude and severity of the fire and explosion left very few personal records that could help to identify the "gasero." It makes no sense, furthermore, that the plaintiffs would spoliate the very same evidence that would prove their case, and, in any event, the defendants have failed to convince this court of such serious accusations. The death of Mateo and Adino, moreover, certainly have complicated the discovery in this case. Contrary to Santurce Gas' situation, it cannot be definitely said that Empire Gas was not the "gasero" that serviced the Adino home. Consequently, the third factor favors dismissal without prejudice.

The same holds true for the second factor. As related above, the plaintiffs have been diligent in prosecuting this action. They have timely requested several enlargements of the discovery cut-off date. The plaintiffs have also abided by all discovery-related orders and deadlines, and have even filed a motion for protective order, as well as motions to compel production of evidence.  Finally, they have fully availed themselves of the discovery mechanisms provided by the Federal Rules of Civil Procedure, thereby evincing diligence. Accordingly, the second factor militates in the plaintiffs' favor.

Conversely, the first factor—the defendant's effort and expense in preparation for trial—favors Empire Gas. Although no experts have been designated or deposed by either side, and no depositions of the defendants or the plaintiffs have been taken, this case has been

**CIVIL NO. 11-1285 (SEC)**                                                    **Page 8**

significantly advanced and the factual discovery phase of the case was close to conclusion. Moreover, Empire Gas has been actively involved in this litigation since they were served in April 2011. The foregoing suffices to  conclude that this first factor favors dismissal with prejudice.

In deciding a 41(a)(2) motion, the Court should weigh the equities, and do justice to all the parties in the case. E.g., Therrien v. New England Telephone & Telegraph Co., 102 F.Supp. 350, 351 (D.N.H.1951). The Court cannot overlook that dismissing this case with prejudice against this defendant would deprive minor children, who have already lost their parents in this tragic explosion, of the possibility of refiling this action against Empire Gas, a potential tortfeasor. See Warning: In re "Agent Orange" Prod. Liab. Litig., 603 F. Supp. 239, 248 (E.D.N.Y. 1985) ("[D]iscretion should generally be exercised in favor of an infant who lacks evidence to support his or her claim but who may obtain such evidence in the future.") overruled on other grounds 818 F.2d 201 (2d Cir. 1987), cert. denied, 484 U.S. 1004 (1988). After carefully considering the legitimate interests of both the plaintiffs and Empire Gas, together with the foregoing Pace factors, the Court agrees with the plaintiffs that dismissal as to Empire Gas should be without prejudice.

Nevertheless, Rule 41(a)(2) provides that the district court may impose terms and conditions on an order granting a voluntary dismissal. The purpose of this long-standing and well-established practice, see, e.g., Cone, 330 U.S. at 217, is to protect the defendant. See P.R. Mar. Shipping Auth., 668 F.2d at 51;see also 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2366 at 524-26 (3ed. 2008) (hereinafter "Wright and Miller").

Here, where the dismissal is without prejudice, the Court deems it fair to protect Empire Gas from any financial prejudice this may cause it. The plaintiffs therefore shall pay for the cost and expenses (including attorney's fees) Empire Gas has incurred in defending this suit. See Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) ("The purpose of such awards is

**CIVIL NO. 11-1285 (SEC)** **Page 9**

generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) taken by defendant that the same suit will be refiled and will impose duplicative expenses upon him."). Such costs and expenses, however, shall not include "[t]hose expenses for items that will be useful in another action or that were incurred by the defendant unnecessarily." Wright & Miller § 2366, at 532. And the obligation to make this payment is triggered and conditioned upon the plaintiffs refiling the action. See Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1260 (11th Cir. 2001) (per curiam). Lastly, the plaintiffs may not oppose the use of existing discovery in the refiled action. Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1275-1276 (5th Cir. 1990) (per curiam) (holding that court may allow stipulation that opposing party will not oppose existing discovery).

If, however, the plaintiffs find the terms or conditions set by this court to be too onerous, they need not accept them. E.g., Lau v. Glendora Unified School Dist., 792 F.2d 929, 930 (9th Cir. 1986); see also 8 Moore's Federal Practice - Civil § 41.40 [10][f]. They are instead entitled to withdraw their motion and proceed with this action. See Marlow v. Winston & Strawn, 19 F.3d 300, 306 (7th Cir. 1994); GAF Corp. v. Transamerica Ins. Co., 665 F.2d 364, 367 (D.C. Cir. 1981) ("Under Rule 41(a)(2), a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits"). Accordingly, the Court will delay the entry of judgment for twenty days within which the plaintiffs may withdraw their Rule 41(a)(2) motion.[3] Finally, the Court hereby warns the plaintiffs that the "[c]onsequence of failure to meet its conditions is prejudicial dismissal." Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993).

---

[3] Of course, the plaintiffs may, as a tactical matter, also decide to request that dismissal be with prejudice in order to avoid proceeding with the case on the merits. The terms and conditions imposed by this court apply only if the plaintiffs insist in taking a dismissal without prejudice.

**CIVIL NO. 11-1285 (SEC)**                                                          **Page 10**

### Conclusion

For the reasons stated, the plaintiffs' motion is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 9th day of November, 2012.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge